■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS F. BROWN, Appellant. [999 NYS2d 242]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 10, 2012, which resentenced defendant following his conviction of the crime of attempted assault in the first degree.

Defendant was convicted, following a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentenced as a second felony offender to concurrent prison terms, respectively, of 10 years with five years of postrelease supervision (hereinafter PRS) and 3 to 6 years. The charges stem from defendant's conduct in slashing an acquaintance of his girlfriend with a utility knife. This Court thereafter reduced the assault conviction to attempted assault in the first degree and remitted for resentencing on said count (100 AD3d 1035 [2012], lv denied 20 NY3d 1009 [2013]). County Court then resentenced defendant to a prison term of nine years with five years of PRS, to be served concurrently to the weapon possession sentence. Defendant now appeals.

Initially, we are unpersuaded by defendant's contention that County Court acted inconsistently with this Court's remittal order by regarding the victim's injuries as life threatening serious physical injuries. As the sentencing court recognized, this Court reduced the assault in the first degree conviction to attempted assault in the first degree based upon our finding that the victim had not sustained serious physical injury; we reduced that count to an attempt based upon our conclusion that the proof had established that defendant acted with *intent* to cause serious physical injury and had inflicted physical injury (100 AD3d at 1035-1036). In its resentence, the court properly took into consideration defendant's *intent*, albeit unsuccessful, to cause serious injury when he inflicted a 12-inch cut, two to three inches deep, across the victim's abdomen (*id.* at 1036), as well as the fact that it was merely fortuitous that defendant did not cause such injury, including death (*see* Penal Law § 10.00 [10]). Thus, the court did not act under the misapprehension that the victim had sustained serious physical injury, and the sentence was not "unauthorized" or "invalid as a matter of law" (CPL

470.15 [4] [c]). Further, we find no support in the record that the court acted vindictively in imposing the *reduced* resentence, or that defendant was penalized for exercising his right to appeal (*see People v Grice*, 98 AD3d 755, 755 [2012], *lv denied* 20 NY3d 932 [2012]; *People v Coon*, 45 AD3d 897, 898 [2007], *lv denied* 10 NY3d 763 [2008]; *see also People v Young*, 94 NY2d 171, 176-177 [1999]).

We also reject defendant's contention that the resentence, imposed concurrently to his weapon possession sentence, was harsh and excessive. The resentence was based upon appropriate sentencing factors, including defendant's extensive criminal history and the violent and intentional nature of his conduct against the unarmed victim, as well as his good conduct while confined (*see People v Helms*, 119 AD3d 1153, 1155-1156 [2014]; *People v Coon*, 45 AD3d at 898). His claim that the presentence report contains inaccuracies is unpreserved (*see People v Ruff*, 50 AD3d 1167, 1168 [2008]; *People v Harrington*, 3 AD3d 737, 739 [2004], *lv denied* 4 NY3d 887 [2005]). As we discern no extraordinary circumstances or abuse of discretion, we decline to reduce the sentence in the interest of justice (*see* CPL 470.15 [4] [c]; [6] [b]; *People v Daniels*, 24 AD3d 970, 972 [2005], *lv denied* 6 NY3d 811 [2006]). Defendant's remaining claims are also devoid of merit.

Garry, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.